**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

**United States of America**,

   *Plaintiff*,

v.                      Case No. 3:18-cr-079
                         Judge Thomas M. Rose

**Michael D. Busch,** *et al.*,

   *Defendant*.

---

**ENTRY AND ORDER GRANTING WITHOUT PREJUDICE TO RECONSIDERATION AFTER A FOUNDATION OF RELEVANCY IS ESTABLISHED MOTION IN LIMINE TO EXCLUDE EVIDENCE REGARDING CASH SEIZED FROM SAFE (ECF 69), GRANTING IN PART MOTION IN LIMINE TO EXCLUDE ANY AND ALL DOCUMENTS OR MATERIALS FIRST PRODUCED BY THE GOVERNMENT TO THE DEFENSE ON MAY 17, 2019 (ECF 70) AND GRANTING MOTION IN LIMINE TO EXCLUDE OTHER ACTS (ALLEGED TAX VIOLATIONS) (ECF 71).**

---

This matter is before the Court for decision on Motion *in Limine* to Exclude Evidence Regarding Cash Seized From Safe (ECF 69), Motion *in Limine* to Exclude Any and All Documents or Materials First Produced by the Government to the Defense on May 17, 2019 (ECF 70), and Motion *in Limine* to Exclude Other Acts (Alleged Tax Violations) (ECF 71).

1

**Motion *in Limine* to Exclude Other Acts (Alleged Tax Violations) (ECF 71)**

The Government correctly states the standard for evaluating Rule 404(b) evidence:

> Fed. R. Evid. 404(b) evidence provides that other crimes, wrongs, or acts are not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. The Sixth Circuit has noted that Rule 404(b) "is actually a rule of inclusion rather than exclusion, since only one use is forbidden and several uses of such evidence are identified". *United States v. Blankenship*, 775 F.2d 735, 739 (6th Cir. 1985).
>
> The Sixth Circuit has held that in determining whether bad acts evidence is admissible under Rule 404(b), a court must engage in a three-step analysis. First, a party seeking to admit 404(b) evidence must first demonstrate that the other bad acts occurred; [s]econd the party must then cite the specific purpose for which the evidence is offered; and [t]hird the court must next consider whether the probative value of the evidence is outweighed by its potential prejudicial effect. *United States v. Huddleston*, 811 F.2d 974, 976 (6th Cir. 1987)(per curiam; citations omitted)….

ECF 73, PageID 446-47.

Then, the Government declines to provide a specific purpose for which the evidence is offered. Instead, the Government provides the entire list of permissible bases identified in Federal Rule of Evidence 404(b):

> Each of said factual items are relevant and admissible to help prove defendant's *motive, opportunity, intent, preparation, plan, knowledge, identity, and/or absence of mistake and/or accident* in committing each of relevant charged offenses set forth in the Second Superseding Indictment.

ECF 73, PageID 448 (emphasis in original).

"[A] party may not simply recite a 'laundry list' of possible purposes, but instead must clearly specify the permissible purposes of the proffered evidence." *United States v. Brown*, 90

2

F. Supp. 2d 841, 844 (E.D. Mich. 2000) (citing *United States v. Zelinka*, 862 F.2d 92, 99 (6th Cir. 1988) and *United States v. Kern*, 12 F.3d 122, 125 n. 3 (8th Cir.1993)). "A laundry list of the enumerated 404(b) uses, such as the one included with the Government's motion, is insufficient to demonstrate that the evidence has a proper purpose." *United States v. Xavier*, 1:08-CR-00018, 2010 WL 1006419, at *1 (D.V.I. Mar. 17, 2010) (citing *United States v. Sampson*, 980 F.2d 883, 888 (3d Cir.1992) and *United States v. Morley*, 199 F.3d 129, 133 (3d Cir. 1999)); see also *van de Kamp v. Transdermal Specialties, Inc.*, No. 16-CV-02768, 2018 WL 6505538, at *5 (E.D. Pa. Dec. 10, 2018)("I caution that a 'laundry-list' is the kiss of death for 404(b)(2) arguments").

When Defendant confronted the Government with its failure to identify a "specific purpose" for which the proposed evidence is offered, ECF 76, PageID 475, the Government permitted itself to file a sur-reply that simply relisted all of 404(b)'s permitted uses in sentence form. ECF 77, PageID 484.

The Government being unable to satisfy the second step of the analytical framework it proposed to the Court, Defendant's Motion *in Limine* to Exclude Other Acts (Alleged Tax Violations) (ECF 71) is **GRANTED**. The Government is prohibited from introducing

> evidence that indicates during the charged time period, Ms. Busch continually failed to accurate[ly] report, and/or under report revenue and income generated from cash sales at [the Busch Country Corner] retail store to state and federal taxing authorities," and that AJB and MDB "illegally pa[id] store employees … 'under the table' cash salaries that were not accurately reported to state and federal taxing authorities.

ECF 71, PageID 415.

**Motion *in Limine* to Exclude Evidence Regarding Cash Seized From Safe (ECF 69)**

Defendants, Amanda Jo Busch, Michael D. Busch and Busch's Country Corner, Inc., have moved the Court to prohibit the United States from introducing evidence relating to $191,135.00 in United States currency recovered from a safe located in the Busch family home in connection with a search warrant obtained and executed on the residence. Defendants assert that the cash in the safe has nothing to do with the subject matter of the crimes charged in the Second Superseding Indictment in this matter. ECF 69, PageID 361.

The Government responds that it also:

> found at the residence…a large number of "bundles" of daily BCC business receipts. Included in each bundle were BCC cash register "ZTapes" which document the daily cash sales and receipts. Co-defendant AMANDA JO BUSCH … never tallied or reported the cash sales figures documented on the daily "Z-Tapes" to BCC's external bookkeeper ….
>
> The Government is prepared to show that the co-defendants SNAP fraud scheme was funded through a combination of techniques, to wit: skimming cash from BCC's cash register, and co-defendants MICHAEL D. BUSCH's and AMANDA JO BUSCH's large cash withdrawals from the BCC bank account held at MainSource Bank, Acct # xxxx9510. This is the same account that all the SNAP reimbursement funds were deposited into by U.S. Government authorities. This is also the same account that co-defendants MICHAEL D. BUSCH and AMANDA JO BUSCH were listed as owners.

ECF 73, PageID 445.

The Government is **BARRED** from introducing evidence relating to cash found at the Busch residence until it has proven what it alleges above and moves the Court for permission to introduce it.

**Motion *in Limine* to Exclude Any and All Documents or Materials First Produced by the Government to the Defense on May 17, 2019 (ECF 70)**

Defendants seek suppression of evidence that the Government first provided to them on May 17, 2019.

The Government protests that much of this information, concerning raw "SNAP redemption data," is simply being provided in a different format, a format that would be necessary for a party to be able to utilize that data so as to produce materials for summary demonstrative charts. ECF 74, PageID 457 ("The Government elected to provide this more expansive version of the data in order to establish the necessary foundation under Fed. R. Evid. 1006 for the in-court presentation of summary demonstrative charts."). Apparently, the Government is the only party who needs this information in a usable format. The Government may use this information in the format provided to Defendants on July 17, 2018.

The Government lists the rest of the discovery Defendants seek to suppress, defending its failure to disclose items a-f as forgivable because Defendants already had access to them:

> The balance of the discovery items referenced in the Defense Motion in Limine is listed in the Government's May 17, 2019 disclosure letter. (See Attachment "A").
>
> a. The co-defendants had independent access to their own MainSource Bank records since they have been the listed owners of the two subject accounts for over 20 years.
>
> b. The FCN Bank account records were provided to the defense within three days after the Defense first requested them. These records include in part bank records of the co-defendants, Randall S. Busch, and Cheryl Busch. …
>
> c. The Fifth Third Bank records concern mortgage the co-defendants' mortgage loan documents. The defendants independently had access to these records long before the Government ever had.

    d. The tax records and associated documents subpoenaed from the offices of Joseph A. Burnett, CPA. Defendant AMANDA JO BUSCH independently received copies of all this material directly from Mr. Burnett's CPA firm on or before the July 2018.

    e. The U.S. Bank documents concern a car loan involving the defendants' GMC Denali motor vehicle. The defendants independently had access to all of these records long before the Government ever had.

    f. The miscellaneous purchase documents of the defendants' other motor vehicles. The defendants independently had access to all of these records long before the Government ever had.

ECF 74, PageID 457-58.

"Rule 16(a)(1)(E) require[s] production of specified information if the government intends to 'use' the information 'in its case-in-chief at trial.'" Fed. R. Crim. P. 16 (2002 commentary). The 2002 amendment to Rule 16 intended to make certain discovery burdens on defendants reciprocal with those already placed on the government. *Id.* Courts' interpretation of that rule is fatal to the Government's position:

> In *United States v. Hsia*, 2000 WL 195067, *1 (D.D.C. Jan. 21, 2000), the court found, "Under the plain language of the Rule, defendant is required to turn over all such documents, regardless of their source or the means by which she came to possess them. The fact that the government is already in possession of the documents does not eliminate a defendant's duty to disclose them." Courts have reasoned, "Although 16(b)(2) contains specific exemptions from Defendant's reciprocal-discovery obligations for work product and statements made by the defendant and potential witnesses,... the Rule does not exclude materials originally obtained from the government." For example, in *United States v. Lin Lyn Trading, Ltd.*, the court ordered defendants to disclose the U.S. Customs rules, decisions and internal rulings that defendants intended to introduce or otherwise rely upon in their case-in-chief. The Defendants are required to produce documents, objects, and reports of examinations and tests, as described Rule 16(b)(1)(A) and 16(b)(1)(B), if the item is within the Defendants' possession,

6

> custody, or control and the Defendant intends to use the item in his or her case-in-chief at trial.

*United States v. Crinel*, No. CR 15-61, 2016 WL 5779778, at *2 (E.D. La. Oct. 4, 2016). The burden on the Government under Rule 16(a)(1)(E) cannot be any less.

Defendants' motion is **GRANTED** as regards the version of the "SNAP redemption data" first provided to Defendants on May 17, 2019 and to items a-f in the list above. It is **DENIED** as regards items g, h, and i listed at ECF 74, PageID 458.

**DONE** and **ORDERED** in Dayton, Ohio on Friday, June 7, 2019.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE