# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

**United States of America**,

       *Plaintiff*,

v.                                                           Case No. 3:18-cr-079
                                                              Judge Thomas M. Rose

**Michael D. Busch,** *et al.*,

       *Defendants*.

---

**ENTRY AND ORDER DENYING MOTION FOR JUDGMENT OF ACQUITTAL AS TO DEFENDANT AMANDA BUSCH AND FOR A NEW TRIAL AS TO DEFENDANTS MICHAEL BUSCH AND BUSCH'S COUNTRY CORNER, INC. (AND, IN THE ALTERNATIVE, FOR DEFENDANT AMANDA BUSCH). (ECF 116).**

---

This matter is before the Court for decision on Motion for Judgment of Acquittal as to Defendant Amanda Busch and for a New Trial as to Defendants Michael Busch And Busch's Country Corner, Inc. (and, in the Alternative, for Defendant Amanda Busch). (ECF 116). Defendants urge that a new trial should be granted because of legal error and other defects in the proceeding and that Amanda Busch is entitled to an acquittal, focusing primarily on a contention that violation of the Supplemental Nutrition Assistance Program, 7 U.S.C. § 2011, et seq., ("SNAP") regulations does not constitute a crime.

      **Standard**

With respect to a motion for a judgment of acquittal under Rule 29, a court considers "whether 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Mallory*, 902 F.3d 584, 596 (6th Cir. 2018) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

Under Rule 33 motions for a new trial, a court "may vacate any judgment and grant a new trial if the interest of justice so requires," quoting Fed. R. Crim P. 33. Such motions are "disfavored, discretionary, and granted only in the extraordinary circumstance where the evidence preponderates heavily against the verdict." *Id*. (quoting *United States v. Mitchell*, 9 F. App'x 485, 489 n.2 (6th Cir. 2001)). It is not a question of whether the evidence was sufficient but whether the evidence weighed "heavily" against the verdict. A trial court should only grant the motion when the verdict is against the "manifest weight" of the evidence. *Mallory*, 902 F.3d at 596 (quoting *United States v. Hughes*, 505 F.3d 578, 592 (6th Cir. 2007)); see also *United States v. Bowens*, 938 F.3d 790, 795–96 (6th Cir. 2019).

**Analysis**

According to Defendants, it is improper "'to suggest to the jury that it could find a defendant guilty by reason of his violation of [a] regulation.'" ECF 116, PageID 2007 (quoting *United States v. Jakeway*, 783 F. Supp. 590, 596 (M.D. Fla. 1992)). Defendants also decry the Government's use of Government exhibits 4.4-4.6 (standard SNAP vendor-authorization forms signed by Michael and Amanda). These SNAP forms included certification language indicating that, by signing the forms, Michael and Amanda "took responsibility for" any violations of the SNAP regulations by anyone at the business. (GXs 4.4-4.6). The forms go on to indicate that violations may have various consequences, to include "criminal prosecution," which are

2

mentioned expressly.

The SNAP statute itself states: "[W]hoever knowingly uses, transfers, acquires, alters, or possesses benefits in any manner contrary to this chapter *or the regulations issued pursuant to this chapter* shall ... be guilty of a felony ...." 7 U.S.C. § 2024(b). [Emphasis added] "[A] valid legislative rule is binding upon all persons, and on the courts, to the same extent as a congressional statute. When Congress delegates rulemaking authority to an agency, and the agency adopts legislative rules, the agency stands in the place of Congress and makes law." *National Latino Media Coalition v. Federal Communications Commission*, 816 F.2d 785, 788 (D.C. Cir. 1987). Therefore, violation of a regulation can be a crime.[1]

The SNAP regulations provide that (1) "[p]rogram benefits may be used only ... to purchase eligible food for the household," 7 C.F.R. § 274.7(a), and (2) food stamp benefits "may be accepted by an authorized retail food store only from eligible households or the households' authorized representative, and only in exchange for eligible food. Coupons may not be accepted in exchange for cash." 7 C.F.R. § 278.2(a); see also *United States v. Williams*, 553 U.S. 285, 304 (2008); *United States v. Robinson*, 680 F.2d 557, 558 n.2 (8th Cir. 1982); and *United States v. Jeffs*, No. 2:16-CR-82 TS, 2016 WL 6760367, at *1 n.9 (D. Utah Nov. 15, 2016).

Defendants say that they conceded they violated SNAP regulations but did so unintentionally and were improperly convicted for an unintentional violation of regulations. (See ECF 116, at PageID 2003). Yet the Jury Instructions followed the language of the SNAP statute, including mandating that the jury find that the government proved all three elements beyond a reasonable doubt—including that a violation be made knowingly—in order to find a

---

1 Defendants make no argument that this statute violates a non-delegation principle; rather, they assert this statute does not exist.

defendant guilty of SNAP fraud." See, e.g., Instruction 30 (second element of SNAP fraud is that the Government prove beyond a reasonable doubt "that the Defendant knew that he was acting unlawfully and intended to violate the law.").

Defendants next assert that it was error to allow the Government to present evidence of defendants' cash management, storage, accounting and reporting, reasoning that such evidence was "completely irrelevant, extremely prejudicial and barred by the court's pre-trial order." The jury heard about the Buschs' pocket money, how Busch's Country Corner operated its cash register, the capabilities of the cash register, including about how the register produced end-of-day "Z-tapes," as well as how other businesses at Findlay Market operated their cash registers.

While questions of law are reviewed *de novo*, and questions of fact for clear error, *United States v. Clay*, 667 F.3d 689, 694–95 (6th Cir. 2012), the Supreme Court recognizes that all evidentiary decisions are discretionary because "[a]ssessing the probative value of the proffered evidence and weighing any factors counseling against admissibility is a matter first for the district court's sound judgment under Rules 401 and 403.*" Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008) (internal quotation marks omitted); see also *United States v. Gibbs*, 797 F.3d 416, 421 (6th Cir. 2015); and *General Elec. Co. v. Joiner*, 522 U.S. 136, 141 (1997).

The Court's pre-trial ruling on Defendants' motion *in limine* prohibited the Government from introducing evidence that Amanda "failed to accurately report … revenue and income generated from cash sales at [BCC] to state and federal taxing authorities." (ECF 82). The Government's questioning regarding whether all income was reported to tax authorities was permissible to show Amanda Jo's knowledge of Defendants' scheme. This evidence was also

4

relevant because cash was allegedly used for the SNAP fraud.   Defense counsel could have made—and, in fact did make--- all or most of these arguments to the jury.   Neither was the evidence's probative value substantially outweighed by the dangers identified in Federal Rule of Evidence 403; and the argument does not meet the standard for granting a motion for a new trial or the standard for granting a motion for judgment of acquittal.

Defendants assert that the jury could not have followed instructions to disregard some of the evidence presented to it and assert that there was an overwhelming quantity of "outrageously" prejudicial information put before it by the Government.   Courts normally presume that a jury will follow an instruction to disregard inadmissible evidence inadvertently presented to it, unless there is an "overwhelming probability" that the jury will be unable to follow the court's instructions, *Richardson, v. Marsh*, 481 U.S. 200, 208 (1987), and a strong likelihood that the effect of the evidence was "devastating" to the defendant. *Bruton v. United States*, 391 U.S. 123, 136 (1968).   There is no reason to believe that the jury in this case was incapable of obeying the curative instructions.

Defendants also assert that it was improper for the Government to bolster the testimony of Randy Busch by suggesting he had no incentive to lie because he had already been sentenced and alleged that the Government urged the jury to convict defendants on the basis of Randy's guilt.   As a general matter, "it is not improper…for the prosecutor to refer to the plea agreements of cooperating witnesses in the expectation that their credibility will be at issue." *United States v. Reid*, 625 F.3d 977, 983 (6th Cir. 2010).   Moreover, there was no objection to this part of the Government's argument.

Next, Defendants criticize the Government for mischaracterizing evidence.   Defendants

decry the Government referring to "The second set of books. The mystery set of books. The set of books that Leslie Martin [BCC's accountant] repeatedly asked Amanda to produce." (670-19). The Government admits there was no second set of books, explaining "The reference to the so-called 'second set of books' was nothing more than classic white-collar metaphor referencing the glaring absence of any accurate books or records produced or maintained by Amanda Jo concerning the business' cash transactions." ECF 120, PageID 2089. Troublesome as this might be, such improprieties are corrected by a court's instructions to the jury that the attorney's arguments are not evidence. *United States v. Balogun*, 463 F. App'x 476, 483-84 (6th Cir. 2012); *United States v. Emuegbunam*, 268 F.3d 377, 405-06 (6th Cir. 2001). Here the Court issued such an instruction. See Instruction No. 4.

Next, Defendants assert that a new trial should be granted because the verdict was against the manifest weight of the evidence. When a jury's verdict was against the manifest weight of the evidence, Rule 33 authorizes the Court to grant a new trial. *United States v. Hughes*, 505 F.3d 578, 592 (6th Cir. 2007). Generally, such motions are only granted "in the extraordinary circumstances where the evidence preponderates heavily against the verdict." *United States v. Turner*, 490 F. Supp. 583, 593 (E.D. Mich. 1979). Here, there were no extraordinary circumstances that justify a new trial based upon the interests of justice.

Finally, Defendants urge the Court to enter a judgment of acquittal as to Defendant Amanda Busch. Following a jury verdict of guilty, Federal Rule of Criminal Procedure 29(c) permits the defendant to renew his or her motion for a judgment of acquittal. When renewing a motion under Rule 29(c), the Court "must decide whether, after viewing the evidence in a light most favorable to the Government, any rational trier of fact could have found the essential

elements of the crime beyond a reasonable doubt." *United States v. Gardner*, 488 F.3d 700, 710 (6th Cir. 2007) (citing *United States v. Humphrey*, 279 F.3d 372, 378 (6th Cir. 2002)). It is not the role of the court to "weigh the evidence, consider the credibility of witnesses, or substitute its judgment for that of the jury." *United States v. Chavis*, 296 F.3d 450, 455 (6th Cir. 2002) (quoting *United States v. Ferguson*, 23 F.3d 135, 140 (6th Cir. 1994)). When a jury returns a guilty verdict, the court may set it aside and enter a judgment of acquittal. But to disregard the unanimous conclusion of the jury, the standard that must be met is necessarily quite high. The court must ask whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); accord *United States v. Caseer*, 399 F.3d 828, 840 (6th Cir. 2005). In performing this inquiry, a court must view all evidence in the light most favorable to the Government and draw all inferences in favor of the Government. *United States v. Driver*, 535 F.3d 424, 428-29 (6th Cir. 2008). Courts "neither independently weigh[] the evidence, nor judge[] the credibility of the witnesses who testified at trial." *United States v. Hughes*, 505 F.3d 578, 592 (6th Cir. 2007) (internal quotation marks omitted). This standard imposes a heavy burden on any defendant. In this case, this burden has not been met.

Here, a rational juror could believe the testimony of the individual who made video-recorded controlled buys, as well as Michael Busch's brother and former employees and the fruits of the search warrants executed, and thereafter conclude that Defendants were guilty.

Therefore, Motion for Judgment of Acquittal as to Defendant Amanda Busch and for a New Trial as to Defendants Michael Busch And Busch's Country Corner, Inc. (and, in the Alternative, for Defendant Amanda Busch), ECF 116, is **DENIED**. Sentencing in this case will

be scheduled by separate entry and order.

**DONE** and **ORDERED** in Dayton, Ohio on Friday, December 6, 2019.

s/Thomas M. Rose

———————————————
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE